IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) vs. ) ) BLUELINX CORPORATION, ) USA DRIVERS, INC., ) AUTOMOTIVE RENTALS, INC., ) JT MARTIN ENTERPRISES, INC., ) ATLANTA COMMERCIAL TIRE, ) INC., VENUS WATERS, ) MARK WATERS and ) VIRGIL LACEY, ) ) Defendants. ) ) | CIVIL ACTION CASE NO.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW National Trust Insurance Company by and through its undersigned counsel of record, and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201, hereby files this complaint for declaratory judgment, respectfully showing to the Court as follows:

- 1 -

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff National Trust Insurance Company is a foreign corporation organized and existing under the laws of Indiana with principal place of business at 9025 River Road, Ste. 300, Indianapolis, Indiana. Plaintiff is a resident citizen of the State of Indiana.

2.

Defendant Bluelinx Corporation is a corporation existing under the laws of the State of Georgia, and is a citizen of the State of Georgia. Defendant Bluelinx Corporation may be served by delivering a copy of the summons and complaint on its registered agent for service in Georgia, CT Corporation System at 1201 Peachtree Street, Atlanta, Georgia, 30361 and is subject to the jurisdiction and venue of this Court.

3.

Defendant USA Drivers, Inc. is a corporation existing under the laws of the State of Delaware , with principal place of business at 5937 Jimmy Carter Blvd., Norcross, Georgia. Defendant USA Drivers, Inc. is a citizen of the State of Georgia. Defendant USA Drivers, Inc. may be served by delivering a copy of the summons and complaint on its registered agent for service in Georgia, Nolan

Chisson, at 5937 Jimmy Carter Blvd., Norcross, Georgia and is subject to the jurisdiction and venue of this Court.

4.

Defendant Automotive Rentals, Inc. is a corporation existing under the laws of the State of New Jersey, with principal place of business at 4001 Leadenhall Road, Mt. Laurel, New Jersey. Defendant Automotive Rentals, Inc. is a citizen of the State of New Jersey. Defendant Automotive Rentals, Inc. is registered to do business in Georgia. Defendant Automotive Rentals, Inc. may be served by delivering a copy of the summons and complaint on its registered agent for service in Georgia, Corporation Service Company at 40 Technology Parkway South, Ste. 300, Norcross, Georgia and is subject to the jurisdiction and venue of this Court.

5.

Defendant JT Martin Enterprises, Inc. is a corporation existing under the laws of the State of Georgia, with principal place of business at 2300 Bethelview Road, Ste. 110-108, Cumming, Georgia. Defendant JT Martin Enterprises, Inc. is a citizen of the State of Georgia. Defendant JT Martin Enterprises, Inc. may be served by delivering a copy of the summons and complaint on its registered agent for service in Georgia, Jason T. Martin, 2300 Bethelview Rd., Ste. 110-108, Cumming, Georgia and is subject to the jurisdiction and venue of this Court.

6.

Defendant Atlanta Commercial Tire, Inc. is a corporation existing under the laws of the State of Georgia, with principal place of business at 5067 Kennedy Rd., Forest Park, Georgia. Defendant Atlanta Commercial Tire, Inc. is a citizen of the State of Georgia. Defendant Atlanta Commercial Tire, Inc. may be served by delivering a copy of the summons and complaint on its registered agent for service in Georgia, Sandra Geeslin, 5067 Kennedy Rd., Forest Park, Georgia and is subject to the jurisdiction and venue of this Court.

7.

Venus Waters is a citizen of the State of Georgia and may be served by delivering a copy of the summons and complaint at her residence at 252 Timberlake Drive, Martin, Georgia 30557 and is subject to the jurisdiction and venue of this Court.

8.

Mark Waters is a citizen of the State of Georgia and may be served by delivering a copy of the summons and complaint at his residence at 252 Timberlake Drive, Martin, Georgia 30557 and is subject to the jurisdiction and venue of this Court.

9.

Defendant Virgil Lacey is a citizen of the State of Georgia and may be served by delivering a copy of the summons and complaint to his home at 1379 Hidden Circle, Sugar Hill, Georgia, 30518 and is subject to the jurisdiction and venue of this Court.

10.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that (a) Plaintiff and Defendant are citizens of different states; and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount. (See Offer of Settlement in Underlying Case attached hereto as Exhibit "A").

11.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) because this action is brought in the judicial district in which a defendant resides.

FACTUAL BACKGROUND

12.

Atlanta Commercial Tire "switched out" or replaced two tires on Virgil Lacey's vehicle on July 3, 2015.

13.

The "switch" involved pulling off wheels/tires and tires and putting on tires already mounted on wheels. The tires that Atlanta Commercial Tire put on the vehicle were recapped/retreaded and/or used tires.

14.

On July 14, 2015 Venus Waters was involved in an accident while driving southbound on I-85 (hereafter "the Accident").

15.

Venus Waters claims her vehicle was struck by wheels that came off of Virgil Lacey's tractor-trailer which was travelling northbound on I-85.

16.

In the Accident, Venus Waters suffered a closed head injury, multiple orthopedic injuries requiring surgery, and deep gashes and lacerations. Venus Waters has made claims against Atlanta Commercial Tire for "severe and permanent injuries" arising from the Accident. (See Underlying Complaint, attached hereto as Exhibit "B").

17.

Mark Waters has made claims against Atlanta Commercial Tire for loss of consortium for the loss of companionship and society with his wife Venus as a result of the Accident.

18.

Atlanta Commercial Tire has requested insurance coverage from Plaintiff for Waters' claims arising out of the Accident.

THE POLICY

19.

On July 3, 2015 Atlanta Commercial Tire was the named insured under a General Liability Policy of insurance issued by National Trust Insurance Company, Policy No. GL 0008291 7, with a policy period from 2/21/2015 to 2/21/2016 (herenafter referred to as "the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "C."

20.

The Policy contains an exclusion for "Designated Products." It excludes coverage for "Designated Products: All products that have been recapped, retreaded and/or are used products, including any such liability assumed under an "insured contract.""

21.

The Policy also contains an exclusion for "Designated Work." It excludes "all work involving products that have been recapped, retreaded and/or are used products, including any such liability assumed under an "insured contract.""

## DECLARATORY RELIEF

22.

Plaintiff seeks a declaration from this Court that "Designated Products" and/or "Designated Work" exclusions contained in the Policy apply to bar coverage to Atlanta Commercial Tire for the July 3, 2015 work in "swapping out" or replacing with a recapped/retreaded and/or used tire product and any claims that have been or may be asserted arising out of that work, including the claim asserted by the Waters.

23.

Plaintiff has agreed to provide a defense to Atlanta Commercial Tire for claims arising out of the July 3, 2015 work made by the Waters, subject to a full reservation of rights. (See Reservation of Rights correspondence attached as Exhibit "D").

24.

For the reasons outlined above, Plaintiff is of the opinion that one or both of the "Designated Products" and "Designated Work" exclusions in the Policy bar coverage for the Waters claims against Atlanta Commercial Tire arising out of the July 3, 2015 work.

25.

Because Atlanta Commercial Tire has requested coverage under the Policy, and because the Waters have asserted claims against Atlanta Commercial Tire arising out of the Accident which they relate to Atlanta Commercial Tire's July 3, 2015 work, Plaintiff is uncertain with respect to its duties and obligations under the Policy.

26.

Plaintiff seeks a declaration from this Court with respect to its duties and obligations under the Policy in connection with the July 3, 2015 work by Atlanta Commercial Tire and the claims asserted by the Waters.

27.

An actual controversy has arisen and now exists between Plaintiff and Defendants concerning whether Plaintiff provides insurance coverage to Atlanta Commercial Tire for its July 3, 2015 work and the claims asserted by the Waters.

28.

By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations and liabilities, if any, which exist among the parties to this action under the Policy.

**WHEREFORE**, Plaintiff prays:

A. That process be issued as required by law and the Defendants be served with copies of the Summons and Petition for Declaratory Judgment;

B. For a declaration by the Court that Plaintiff has no obligation to provide insurance coverage for Atlanta Commercial Tire for any claims asserted against it arising out of the July 3, 2015 work, including the claims asserted by the Waters,

C. That Plaintiff recover its costs in filing this action; and

D. For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 23rd day of January, 2017.

/s/ Nicole C. Leet
Nicole C. Leet
Georgia Bar No. 133044
Michael J. Rust
Georgia Bar No. 621257
Attorneys for National Trust
Insurance Company

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7372 (Leet)
404-870-7375 (Rust)
404 870-7374 fax
e-mail:   nleet@grsmb.com
         mrust@grsmb.com