

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

VENUS WATERS and MARK WATERS,

Plaintiffs,

vs.

BLUELINX CORPORATION, USA DRIVERS, INC., AUTOMOTIVE RENTALS, INC., JT MARTIN ENTERPRISES, INC., ATLANTA COMMERCIAL TIRE, INC. and VIRGIL LACEY

Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. _2016 CV 000 81 MG1_

## COMPLAINT

COMES NOW Venus and Mark Waters, Plaintiffs, and make and file this complaint against Defendants Bluelinx Corporation, USA Drivers, Inc., Automotive Rentals, Inc., JT Martin Enterprises, Inc., Atlanta Commercial Tire, Inc. and Virgil Lacey as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs are citizens of the State of Georgia and reside in this state, and are subject to the jurisdiction of this court.

2.

Defendant Bluelinx Corporation ("Bluelinx") is a domestic corporation, existing under the laws of the State of Georgia, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, CT Corporation System at 1201 Peachtree Street, Atlanta, Fulton County, GA 30361 and is subject to the jurisdiction of this court.

- 1 -

3.

Defendant USA Drivers, Inc. ("USA Drivers") is a foreign corporation, existing under the laws of the State of Delaware, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Nolan Chisson at 5937 Jimmy Carter Blvd., Norcross, Gwinnett County, Georgia 30071 and is subject to the jurisdiction of this court.

4.

Defendant Automotive Rentals, Inc. ("Automotive Rentals") is a foreign corporation, existing under the laws of the State of New Jersey, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, GA 30092 and is subject to the jurisdiction of this court.

5.

Defendant JT Martin Enterprises, Inc. ("JT Martin") is a domestic corporation, existing under the laws of the State of Georgia, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Jason T. Martin at 2300 Bethelview Rd., Suite 110-108, Cumming, Forsyth County, GA 30040 and is subject to the jurisdiction of this court.

6.

Defendant Atlanta Commercial Tire, Inc. ("Atlanta Commercial Tire") is a domestic corporation, existing under the laws of the State of Georgia, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and

complaint on its registered agent for service Joe Geeslin at 5067 Kennedy Road, Atlanta, Clayton

County, GA 30319, and is subject to the jurisdiction of this court.

7.

Defendant Virgil Lacey ("Lacey") is a citizen of the State of Georgia and resides in this

state, and may be served with a copy of the Summons and Complaint at his home address of

1379 Hidden Circle, Sugar Hill, Gwinnett County, GA 30518 and is subject to the jurisdiction of

this court.

8.

Jurisdiction and venue are proper in this court.

## BACKGROUND

9.

On or about July 14, 2015, Defendant Lacey was driving a tractor-trailer northbound on

I-85 when the right rear two wheels and hub on his trailer broke off and crossed the median into

the southbound lanes of travel.

10.

At that time, Venus Waters was driving a vehicle southbound on I-85 and the wheels

struck her car.

11.

Waters lost control of her vehicle and it slammed into a cable barrier.

12.

As a result of the collision, Venus Waters suffered severe and permanent injuries.

## COUNT I – NEGLIGENCE

13.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Lacey was negligent in failing to conduct an appropriate pre-trip inspection of his vehicle, in failing to recognize that there was a problem with the wheels on his trailer and in failing to properly inspect and maintain the wheels on the trailer during the trip.

15.

Defendant Lacey was negligent in driving a vehicle with a mechanical problem that he knew or should have known existed.

16.

Defendant's negligence is the sole and proximate cause of the collision, and Venus Waters' resulting injuries.

## COUNT II – IMPUTED LIABILITY

17.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At the time of the subject collision, Defendant Lacey was working for Defendant Bluelinx and/or USA Drivers.

19.

At the time of the subject collision, Defendant Lacey was acting within the scope of his employment with Defendant Bluelinx and/or USA Drivers.

20.

Defendant Bluelinx and/or USA Drivers is responsible for the actions of Defendant Lacey in regard to the collision described in this complaint under the doctrine of respondeat superior, lease liability and/or agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant Bluelinx and/or USA Drivers was negligent in hiring Defendant Lacey and entrusting him to drive a commercial vehicle.

23.

Defendant Bluelinx and/or USA Drivers was negligent in failing to properly train Defendant Lacey.

24.

Defendant Bluelinx and/or USA Drivers was negligent in failing to properly supervise Defendant Lacey.

25.

Defendant Bluelinx and/or USA Drivers' negligence in hiring Defendant Lacey and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Venus Waters' injuries.

## COUNT IV – NEGLIGENT INSPECTION, REPAIR AND MAINTENANCE

### 26.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

### 27.

Defendants were negligent in failing to properly inspect, repair and maintain the wheels on the trailer at issue in this litigation.

### 28.

Defendants' negligence was the proximate cause of the wheels and hub coming off the trailer and striking Venus Waters' vehicle.

### 29.

As a result of Defendants' negligence, Venus Waters suffered severe and permanent injuries.

## COUNT V – DAMAGES

### 30.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

### 31.

As a result of Defendants' negligence, Venus Waters suffered a closed head injury, multiple orthopedic injuries requiring surgery and deep gashes and lacerations to her head and body.

32.

As a result of Defendants' negligence, Venus Waters has a claim for past and future medical expenses and past and future lost wages.

33.

As a result of Defendants' negligence, Venus Waters has suffered immensely and will continue to suffer and has a claim for past and future pain and suffering.

34.

As a result of Defendants' negligence, Mark Waters has suffered a loss of companionship and society with his wife Venus and has a claim for loss of consortium.

35.

Defendants' negligence is the sole and proximate cause of these injuries.

## COUNT VI – PUNITIVE DAMAGES

36.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs prays that they have a trial on all issues and judgment against Defendants as follows:

a.     That Plaintiff Venus Waters recover for past and future medical expenses and lost wages in an amount to be proven at trial;

b.     That Plaintiff Venus Waters recover for her past and future physical and mental

pain and suffering in an amount to be determined by the enlightened conscience of

a jury;

c.     That Plaintiff Mark Waters recover for loss of consortium with his wife Venus in

an amount to be determined by the enlightened conscience of a jury;

d.     That the Plaintiffs recover punitive damages in an amount to be determined by the

enlightened conscience of a jury;

e.     That Plaintiffs recover such other and further relief as is just and proper

This 20th day of January, 2016.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG LLC**

By: _____
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

3560 Lenox Road, N.E.
Suite 1250
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@frg-law.com
Email: Eric@frg-law.com

**SCOTT, SCOTT & SCOTT, PC**

By: _____
**RICHARD E. SCOTT**
Georgia Bar No. 220801
**CORNELIUS B. SCOTT**
Georgia Bar No. 631968

- 8 -